# IN THE COURT OF APPEALS OF IOWA

No. 19-1457
Filed November 6, 2019

**IN THE INTEREST OF J.D., J.D., and M.S.,**
**Minor Children,**

**M.D., Mother,**
        Appellant,

**J.Z.-G., Father,**
        Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Susan Cox, District

Associate Judge.


        Parents separately appeal a juvenile court order terminating their parental

rights.  **AFFIRMED ON BOTH APPEALS.**


        Bryan J. Tingle, Des Moines, for appellant mother.

        Kelsey Knight of Carr Law Firm, P.L.C., Des Moines, for appellant father.

        Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal)

and Mary A. Triick, Assistant Attorneys General, for appellee State.

        ConGarry D. Williams of Juvenile Public Defender, Des Moines, attorney

and guardian ad litem for minor children.


        Considered by Vaitheswaran, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Parents separately appeal the termination of their parental rights to their child, Jx.D., born in 2012. The mother additionally appeals the termination of her parental rights to her two other children, Jy.D., born in 2011, and M.S., born in 2014.[1] The father[2] challenges the sufficiency of the evidence underlying the statutory grounds for termination cited by the juvenile court and argues termination is not in his child's best interests. The mother echoes the father's claims as to her three children. She additionally argues the juvenile court abused its discretion in denying her motion to continue the termination hearing on the ground that she was unable to participate and provide testimony relative to her ability to have the children returned to her care within six months and maintains the court should have applied the exception to termination contained in Iowa Code section 232.116(3)(a) (2019) to preclude termination.

The mother and children came to the attention of the Iowa Department of Human Services (DHS) in late 2017 due to allegations of the mother's recent substance abuse and her history of leaving the children with others and not returning. The mother has an extensive history of using illegal drugs, mental-health issues, criminal activity, and being the subject of domestic violence. At the time, Jy.D.'s father was incarcerated, Jx.D.'s father was unknown, and M.S.'s father was deceased. An order for temporary removal was entered in January

---

[1] Jy.D.'s father's parental rights were also terminated. The supreme court dismissed his appeal for failure to timely file his petition on appeal. M.S.'s father is deceased.
[2] Any references to "the father" are to the father of Jx.D.

2018.[3]  Shortly thereafter, all three children tested positive for cannabinoids, two tested positive for methamphetamine, and one tested positive for amphetamines. The children were adjudicated in need of assistance in May.

In October, the appellant father was legally established as the father of Jx.D.[4]  The father was in prison at the time.  The father also has an extensive criminal history.  DHS reached out to the father to identify his intentions as to the child.  There is no indication in the record that the father requested any services, although he testified at the termination hearing to his desire to parent the child. The father is serving his third stint of prison time following his convictions of forgery and theft in the second degree.  He testified he would be eligible for parole in October 2019.  His discharge date is in 2023.  The father testified he knew Jx.D. was possibly his child but did not know for sure until paternity testing was completed.  He acknowledged having no relationship with the child.  He has only had contact with the child "[l]ike once maybe twice" for "maybe an hour or so."  He could not testify to the child's birth date.

During the life of these proceedings, the mother has wholly failed to address her substance-abuse and mental-health issues.  The mother denies drug use, but

---

[3] The two younger children, Jx.D. and M.S., were previously placed under the guardianship of their maternal grandmother, who allowed the mother unrestricted access to the children despite being aware of her substance-abuse issues.  The oldest child was placed with his paternal grandmother, where he remained through the time of the termination hearing.  The younger two children were placed with M.S.'s paternal step-grandmother.  The court confirmed removal following a contested removal hearing. Jx.D.'s placement was modified to a suitable other in February because the paternal step-grandmother could no longer care for him.  In May, the court transferred M.S. to the same placement as Jx.D.  In October, Jx.D. was transferred to DHS custody for placement in a psychiatric medical institution or group care due to his serious behavioral problems. Custody was transferred back to the suitable other in March 2019.
[4] The father's paternity was confirmed by paternity testing in January 2019.

she continues to exhibit physical and behavioral indicators of being under the influence of illegal substances. The mother entered inpatient treatment in April 2019, one day before the first day of the termination hearing, but she made no progress toward her treatment plan goals; she left treatment after only ten days, which was prior to the last day of the termination hearing. She has continued to engage in criminal activity, which has landed her in jail several times throughout the proceedings. Simply stated, the mother has made zero progress since removal.

In February 2019, the State petitioned for termination of both parents' parental rights. A termination hearing was held over two days in April and May. The court terminated the mother's parental rights to all three children under Iowa Code section 232.116(1)(f) and the father's rights to Jx.D. under section 232.116(1)(b) and (f). Both parents appeal.

Our review is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the children, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the children's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

Both parents challenge the sufficiency of the evidence supporting the statutory grounds for termination cited by the juvenile court. The court found clear and convincing evidence supported termination of both parents' rights under section 232.116(1)(f). Each parent only challenges the State's establishment of the final element of that provision—that the children could not be returned to their care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4) (requiring clear and convincing evidence that the child cannot be returned to the

custody of the child's parents at the present time); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").

As to the father's challenge, he agrees the State presented clear and convincing evidence that the child could not be returned to his care at the time of the hearing but argues the child could be returned to the mother at the time of the hearing. The father does not have standing to assert his child could be returned to the mother's care in an effort to reverse termination of his parental rights. *See, e.g.*, *In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007); *In re D.G.*, 704 N.W.2d 454, 460 (Iowa Ct. App. 2005); *see also In re C.T.*, No. 18-2199, 2019 WL 1055897, at *1 & n.1 (Iowa Ct. App. Mar. 6, 2019) (collecting cases). Having considered the father's sole argument as to this ground, we conclude termination is appropriate under section 232.116(1)(f). *See D.W.*, 791 N.W.2d at 707 ("On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence.").

We turn to the mother's challenge. The mother does not specifically challenge the sufficiency of evidence to establish the elements required for termination; instead, she argues the court erred in denying her motion to continue when she did not participate in part of the second day of the termination hearing.[5] She maintains the denial deprived her of her right to be heard and present

---

[5] While the mother labels her argument as a challenge to the sufficiency of the evidence to support termination, the substance of her argument is limited to the court's denial of her motion to continue. In fact, she appears to agree the children could not be returned to her care at the time of the hearing but argues they could have been returned to her within six months.

evidence to show that the children could be returned to her within six months. *See* Iowa Code §§ 232.104(b), .117(5). We review a denial of a continuance motion for an abuse of discretion, which will only be found "when 'the decision is grounded on reasons that are clearly untenable or unreasonable.'" *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018) (citation omitted).

The mother participated by telephone the first day of the termination hearing in April. She was also present by phone at the beginning of the second day of the hearing in May. At the time of the mid-morning recess, the court directed the mother to stay on the line. When the matter reconvened, the mother was no longer on the line. The court and parties made attempts to reach the mother, but she did not respond. Given the facts that the mother was no longer in treatment and was not incarcerated, coupled with her unilateral disconnection of the phone call despite the court's direction that she remain on the line, the court made the finding that the mother decided to not participate in the hearing any further. The mother's counsel noted the mother "potentially was in the hospital this morning," although he had "no independent verification . . . or documentation" of the same. Counsel moved to continue the hearing, citing the possibility the mother's absence was medically necessary. He acknowledged he could not explain the mother's absence, despite being in contact with her through text message since her disconnection. The court denied the motion but allowed counsel seven days to file any "medical documentation" that would "be a basis to request to reopen the record." No such documentation was forthcoming. Upon our review, we are unable to say the court's decision was unreasonable or untenable.

We turn to the children's best interests. In determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

The father has no relationship with his child whatsoever. He argues termination is contrary to his child's best interests due to the "future support" he can provide his child when he is released from prison sometime within the next four years. We disagree. The child needs permanency now. We find termination of the father's rights to be in the child's best interests.

The mother has long provided unstable parenting, and her behavior has left these children in a parentless limbo before and during the entirety of these proceedings. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will . . . be able to provide a stable home for the child." *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (quoting *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010)). We conclude the mother has been given enough time to get her affairs in order and these children's interests are best served by providing permanency and stability now. We agree with the mother that siblings should be kept together whenever possible, *In re T.J.O.*, 527 N.W.2d 417, 420 (Iowa Ct. App. 1994), and we acknowledge that termination may well result in the siblings' separation. However, the primary concern is what is in the children's best interests. *Id.* Upon our de novo review of the record, we find termination of the mother's parental rights to be in the children's best interests.

Finally, as to the oldest child, the mother argues the juvenile court erred in failing to apply the permissive exception to termination contained in Iowa Code section 232.116(3)(a), which allows the court to decline to terminate when a relative has legal custody of a child. Upon our de novo review, we conclude application of the exception would be contrary to the child's best interests, which is our principal concern. *J.E.*, 723 N.W.2d at 798.

To the extent the mother requests an additional six months to work toward reunification, upon our de novo review, and specifically the mother's track record, we are unable to find "the need for removal . . . will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

We affirm the termination of both parents' parental rights.

**AFFIRMED ON BOTH APPEALS.**